IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

**Robert Eric Miller**, )
    **Plaintiff,** )
)
) Case No. _____
)
) **JURY TRIAL DEMANDED**
vs. )
)
)
**Aramark Refreshment Services, LLC** )
)
    **Defendant.** )

## COMPLAINT

Plaintiff Robert Eric Miller ("Plaintiff" or "Miller"), by and through the undersigned counsel, brings this action against Defendant Aramark Refreshment Services, LLC ("Aramark"), and for his Complaint alleges, upon information and belief and based on the investigation of his counsel to date, as follows:

## INTRODUCTION

1. This is an action for unpaid overtime wages. After "promoting" Plaintiff to the role of Operations Manager, Defendant Aramark required Plaintiff to spend the majority of his time performing non-executive activities. Plaintiff worked approximately 70 hours a week, sometimes more, and spent much of that time delivering supplies to vending machines and driving customer routes. These are jobs that should have been performed by non-executive personnel but, because Defendant did not want to incur the expense of hiring and paying additional personnel, they fell to Plaintiff. He brings this action seeking to recover unpaid wages, liquidated damages, pre-judgment interest, and attorneys' fees.

## JURISDICTION AND VENUE

2. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court, Western District of Missouri, pursuant to 28 U.S.C. § 1391, because Plaintiff and Defendant reside in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. Plaintiff is a former employee of Defendant and is a resident of Jackson County, Missouri.

5. Defendant Aramark is a Delaware limited liability company. Defendant is registered to perform business in Missouri, and consistently does so.

## FACTS COMMON TO ALL ALLEGATIONS

6. Plaintiff is a former employee of Aramark.

7. In late 2015, after over seven years with the company, Plaintiff was appointed to Operations Manager.

8. Plaintiff was initially given a salary of $74,714.00.

9. Plaintiff's first full year as Operations Manager went exceedingly well. Aramark provided his divisions with proper staffing, allowing Plaintiff to spend his time performing the managerial tasks within the Operation Manager's job description.

10. The first full year went so well, in fact, that Aramark granted Plaintiff an award for Operations Manager of the year for fiscal year 2016.

11. Plaintiff's division was a top performer in the company.

12. In the fall of 2016, however, all of this changed. Due to a string of workplace injuries and departures, Plaintiff's division became severely undermanned.

13. Despite the clear need for additional personnel, Aramark refused to hire additional personnel. As a result, the day-to-day, non-exempt tasks fell to Plaintiff.

14. Following the change in personnel, Plaintiff routinely spent a majority of his time performing menial, non-supervisory tasks such as restocking vending machines and making deliveries to clients.

15. Plaintiff had no authority over hiring and firing and other employees' assignments and his recommendations on these issues were routinely ignored (if Plaintiff was even consulted, which he generally was not).

16. Because he was forced to spend a majority of his time performing non-exempt work to fill the job openings below him, Plaintiff lacked the time needed to match the high standards he had set for himself and his division.

17. Plaintiff routinely worked more than 70 hours per week.

18. Plaintiff was not paid time and a half for hours worked over 40 per week, despite the fact that he was no longer working in an exempt capacity.

19. Upon information and belief, Aramark was aware of the change to the nature of Plaintiff's employment and avoided replacing the injured or departed workers because it would increase costs and payroll.

20. Because Plaintiff's position was originally intended to be executive in nature and exempt, and because Plaintiff's reviews were dependent on a well-functioning region, Aramark was able to use Plaintiff as a cost-savings center by not paying Plaintiff wages he was owed (and that Aramark would have had to pay other non-exempt employees).

21. The shift in Plaintiff's role—from exempt to non-exempt— and the consequences of the shift were drastic. So drastic that Plaintiff, having only recently been named the Operations Manager of the Year, was terminated in March 2018 because his region was underperforming.

## COUNT I

### Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

22. Plaintiff incorporates the above paragraphs as though fully stated herein.

23. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

24. Aramark required Plaintiff to routinely work more than forty (40) hours a workweek without overtime compensation.

25. Plaintiff was a non-exempt employee during the time period at issue.

26. Aramark's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

27. As the direct and proximate result of Aramark's unlawful conduct, Plaintiff and suffered a loss of income and other damages. Plaintiff is entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

28. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Aramark knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully prays for the following:

(1) Judgement against Aramark for its violations of the overtime provisions of the FLSA;

(2) Judgement that Aramark's violations of the FLSA were willful;

(3) An award to Plaintiff for the amount of unpaid wages owed, and liquidated damages under federal law;

(4) An award of prejudgment interest;

(5) An award of post-judgment interest;

(6) An award of reasonable attorneys' fees and costs; and

(7) For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims so triable.

Respectfully submitted,

/s/     Matthew T. Swift

Matthew T. Swift     #63601
Michael D. Pospisil     #49139
Pospisil Swift LLC
1301 Oak Street, Suite 617
Kansas City Missouri, 64106
mts@pslawkc.com
mdp@pslawkc.com
Tel: (816) 895-6440
Fax: (816) 895-9161